```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PHILADELPHIA INDEMNITY INSURANCE
COMPANY,
                                                              MEMORANDUM & ORDER
                    Plaintiff,                                18-CV-5014 (DRH)(AYS)
       -against-

INDIAN HARBOR INSURANCE COMPANY,

                    Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiff:**
Marshall, Conway & Bradley, P.C.
45 Broadway, Suite 740
New York, New York 10006
By:   Christopher T. Bradley, Esq.

**For Defendants:**

Schnader Harrison Segal & Lewis LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
By:   Bruce M. Strikowsky, Esq.
      Erik Kallhovd, Esq.


**HURLEY, Senior District Judge:**

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "Philadelphia") commenced this action seeking declaratory, monetary, and ancillary relief against defendant Indian Harbor Insurance Company (Defendant" or "Indian Harbor") relating to insurance coverage for certain lawsuits pending in Supreme Court, Nassau County (the "Legionella Actions"). At issue in this case is whether the "fungi or bacteria" exclusion in an insurance

policy issued by Indian Harbor applies so as to relieve it of its obligations to indemnify and defend. Presently before the Court is Defendant's motion, pursuant to Rule 12(b)(6) and 12(b)(1) to dismiss the complaint. For the reasons set forth below the motion is granted in part and denied in part.

## BACKGROUND

The following allegations are taken from the Complaint ("Comp."), its exhibits, and materials submitted by the parties.[1]

Fitness International is a health club chain with over 700 locations, including a location at 2350 Jericho Turnpike, Garden City Park, New York ("Garden City Fitness"). During the relevant period Total Swimming Pool ("Total") provided maintenance and repair to the pool and spa at Garden City Fitness pursuant to an agreement between Total and Fitness International. Indian Harbor issued a commercial general liability policy, Policy No. ESG300091001 (the "Policy"), to Total effective from July 31, 2016 to July 31, 2017. Fitness International is named as an additional insured under the Policy.

On December 30, 2016, the Nassau County Department of Health issued a Closure Order to Garden City Fitness directing it to immediately cease all pool and spa operation and close them as laboratory samples "indicated the presence of Legionella pneumophillia."

On January 3, 2017, Philadelphia, Fitness International's insurer, received a loss notice from Fitness International of potential claims alleging exposure to Legionella bacteria at the Garden City Fitness location. On January 6, 2017, Fitness International sent a letter to Indian Harbor requesting that Indian Harbor defend and indemnify Fitness International "from any

---

[1] In its motion Indian Harbor alleges factual deficiencies in the complaint. The Court rejects that contention; although the complaint is not a model of clarity, the materials attached to the Complaint provides the alleged missing information.

claims or causes of action that may be asserted against it, and damages that it has incurred and will incur, arising from the closure order and the alleged contamination of the swimming pool and spa of the Garden City Park club." After receiving letters from counsel representing persons alleging exposure to the Legionella bacteria, Fitness International sent follow-up letter to Indian Harbor demanding that Total and Indian Harbor indemnify Fitness International from these claims. On January 27, 2017, Indian Harbor responded acknowledging that coverage may be available to Total Fitness as an additional insured but as no lawsuits had been received, there was no duty to defend. The letter also referenced the "Fungi or Bacteria" and "Pollution" exclusions contained in the Indian Harbor policy and concluded with Indian Harbor declining the request for coverage.

Between May 2017 and April 2018, five actions were filed in Supreme Court, Nassau County alleging injures arising from the exposure to the Legionella bacteria at Garden City Fitness' pool.

On June 8, 2018, Philadelphia sent a letter to Indian Harbor and Total attaching copies of the complaints in the five Legionella Actions. By letters dated July 9, 2018, Indian Harbor "reiterate[ed] the disclaimer of defense and indemnification to Fitness International and Total" citing the "Pollution" and "Fungi or Bacteria" exclusions.[2]

The "Fungi or Bacteria Exclusion" reads as follows:

**FUNGI OR BACTERIA EXCLUSION**
This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
A. The following exclusion is added to Paragraph **2. Exclusions of
Section** I - **Coverage A - Bodily Injury And Property
Damage Liability:**
2. **Exclusions**
This insurance does not apply to:

---

[2] The letters also reference "certain exclusions and limitations to the applicability of additional insured coverage which operate to render the insurance policy inapplicable to Fitness's defense or indemnification."

**Fungi Or Bacteria**
a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.
This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**DISCUSSION**

I. **Applicable Standards**

A. **Federal Rule of Civil Procedure 12(b)(1)**

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). A motion to dismiss a claim as unripe is properly considered a Rule 12(b)(1) motion because ripeness is jurisdictional in nature. *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F. Supp. 2d 293, 294 (S.D.N.Y. 2003).

"In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 F. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for

lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

### B.     Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.  *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks

for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). A document may be considered on a motion to dismiss where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*.; *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (integral documents may include documents partially quoted in complaint or on which plaintiff relied in drafting complaint).

### C. Ascertaining State Law

Contract interpretation is governed by state law. In ascertaining the law of New York, this Court "looks to the decisional law of [New York] as well as to the state's constitution and statutes." *Travelers Ins. Co. v. 633 Third Assoc.,* 14 F.3d 114, 119 (2d Cir. 1994). Where the state law is ambiguous or uncertain or there is an absence of authoritative law from the state's highest court, "the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." *Phansalkar v. Andersen Weinroth & Co.,* 344 F.3d 184, 199 (2d Cir. 2003) (quoting *Travelers*, 14 F.3d at 119); *accord DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005). In doing so, the federal court "must give 'fullest weight' to the decisions of a state's highest court and 'proper regard' to the decisions of a state's lower courts." *Phansalkar*, 344 F.3d at 199 (quoting *Travelers*, 14 F.3d at 119). Decisions of a state's intermediate and lower courts are not binding on the federal courts. "[W]e consider the language of the state courts to be helpful indicators of how the state's highest court would rule. Although we are not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *DiBella,* 403 F.3d at 112 (internal quotations and citations omitted).

### D. Principles Governing Construction of an Insurance Contract Under New York Law

Under New York law[3], "[i]nsurance policies are, in essence, creatures of contract, and, accordingly, subject to principles of contract interpretation." *In re Estates of Covert*, 97 N.Y.2d 68, 76, 735 N.Y.S.2d 879, 761 N.E.2d 571 (2001); *see also Christiania Gen. Ins. Corp. of N.Y. v.*

---

[3] The parties apparently agree that New York law applies to this case as both rely upon the law of New York.

*Great Am. Ins. Co.*, 979 F.2d 268, 274 (2d Cir. 1992) (Construction of an insurance policy "is governed by the rules of construction applicable to contracts generally.") Under New York law, "the construction of an insurance contract 'is ordinarily a matter of law to be determined by the court.' " *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2014 WL 2199428, at *7 (S.D.N.Y. May 23, 2014).

"[A]n insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract.*" Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (citation and internal quotation marks omitted). "The New York approach to the interpretation of contracts of insurance is to give effect to the intent of the parties as expressed in the clear language of the contract." *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir.2002) (internal quotation marks omitted). Terms in an insurance contract must be given " 'their plain and ordinary meaning.' " *10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir.2010) (quoting *Essex Ins. Co. v. Laruccia Constr., Inc.*, 71 A.D.3d 818, 898 N.Y.S.2d 558, 559 (2d Dep't 2010)); *White v. Continental Cas. Co.,* 9 N.Y.3d 264 (2007) ("As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning.") "[I]t is common practice for the courts of [New York] State to refer to the dictionary to determine the plain and ordinary meaning of words to a contract." *10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 120 (2d Cir. 2011) (quoting *Essex Ins. Co. v. Laruccia Constr., Inc.*, 71 A.D.3d 818, 819, 898 N.Y.S.2d 558, 599 (2d Dep't 2010)); *see also R/S Assocs. v. New York Job Dev. Auth*., 98 N.Y.2d 29, 33, 771 N.E.2d 240, 242, 744 N.Y.S.2d 358, 360 (2002) (consulting the Oxford English Dictionary to determine the plain and ordinary

meaning of a contract term).The terms of an insurance policy are ambiguous "if the language in the insurance contract is susceptible of two reasonable interpretations." *Tropic Pollo I Corp. v. Nat'l Specialty Ins. Co.*, 818 F. Supp. 2d 559, 562 (E.D.N.Y. 2001) (internal quotation marks omitted). "[W]hether a contact is ambiguous is a matter of law for the court to decide . . . ." *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 299 (2d Cir. 1996).

"[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language." *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311 (1984) (citations omitted). "Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction." *Id*. (citations omitted). "Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case . . . , and that they are subject to no other reasonable interpretation." *Id*. (citations omitted). "[W]here an insurer establishes that a policy exclusion applies, the burden shifts to the policy holder to prove that an exception to that exclusion applies." *Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 122 (2d Cir. 2012).

## II. The Present Motion

Indian Harbor raises a number of arguments in support of its motion. First, it maintains it has no duty to defend or indemnify as the Fungi and Bacteria Exclusion in the Policy unambiguously applies given Legionella is a bacteria; the claim it does not apply is not plausible as no factual detail is provided to support that assertion. It also maintains that its disclaimer was timely, a declaration concerning its duty to indemnify would be premature, and that Philadelphia

is not entitled to a declaration concerning the duty to defend or indemnify future actions. It also seeks a declaration of its own.

Philadelphia responds that Indian Harbor's reliance on the Fungi or Bacteria Exclusion "runs counter to the entirety of case law to have considered the exclusion as applied to legionella contracted from water in a hot tub or spa," citing cases from other jurisdiction which have dealt with that issue. (Pl.'s Mem. in Opp. at 8 -12.) It further maintains that the given the correspondence regarding the claims asserted against Total Fitness that the disclaimer was untimely.

### III.   Whether the Fungi and Bacteria Exclusion Unambiguously Applies

Indian Harbor asserts that it is entitled to dismissal of the complaint because the "Fungi or Bacteria Exclusion" unambiguously applies as Legionella is a bacteria and Philadelphia's claim that it does not apply is not plausible on its face. The Court disagrees. Philadelphia's claim is that the exception to the Fungi or Bacteria Exclusion applies as the water in the hot tub is a "good or product intended for bodily human consumption." And as set for in its brief, there are a number of cases which have so held. (Pl.'s Opp. Mem. at 9). New York courts have not addressed the issue and therefore it is an open question. Given the case law in other jurisdictions, Philadelphia's assertion that Indian Harbor policy provides coverage for the Legionella actions is at least plausible. Whether or not such a construction comports with New York is an open question and it is not appropriate for this Court to decide the issue on a motion to dismiss; to the extent plaintiff maintains that the language in the policy is unambiguous such a ruling may be appropriate on a motion for summary judgment. *See generally Fed.' Ins. Co. v. American Home Assur. Co.*, 638 F.3d 557 (2d Cir. 2011) (addressing meaning of unambiguous insurance policy terms on motion for summary judgment).

The motion to dismiss the first cause of action is denied.

IV.     **The Claim for Indemnification**

Indian Harbor maintains that a declaration concerning its duty to indemnify would be premature because claims for indemnification are not ripe until liability has been imposed upon the party to be indemnified. However, as the court in *Stoncor Group, Inc. v. Peerless Insur. Co.*, 322 F. Supp. 3d 505, 511 (S.D.N.Y. 2018) stated:

> "In the context of an insurance dispute, a declaratory judgment action may be ripe even if the insured has not yet incurred any liability." *Lafarge Can. Inc.*, 2018 WL 1634135, at *3 (internal quotation marks omitted) (quoting *Fed. Ins. Co. v. SafeNet, Inc.,* 758 F.Supp.2d 251, 262 (S.D.N.Y. 2010) ). As the Second Circuit has explained,
>> [t]hat the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on "the practical likelihood that the contingencies will occur ...." Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite "future contingencies that will determine whether a controversy ever actually becomes real."
>
> *Associated Indem. Corp. v. Fairchild Indus., Inc.,* 961 F.2d 32, 35 (2d Cir. 1992) (citations omitted). "Thus, where liability is contingent, courts in this circuit traditionally examine the 'practical likelihood' that there will be some type of settlement or judgment against the insurer." *Fed. Ins. Co.*, 758 F. Supp. 2d at 262 (collecting cases).

*Stoncor Group*, 322 F. Supp. 3d at 511. To the extent that both Fitness International and Total are named defendants in the Legionella Actions, the prospect of liability is not remote speculative, or hypothetical. *Id.* The motion to dismiss the claim for indemnification for the Legionella Actions is denied.

V.      **The Request for a Declaratory Judgment for Actions not yet Filed**

Indian Harbor also seeks dismissal of the complaint to the extent it seeks a declaration with respect to lawsuits which have not yet been commenced.

To determine whether there is an "actual controversy" such that declaratory judgment is appropriate, the Court must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *accord Duane Read, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005). As to actions that have not yet been filed,[4] there is no present justiciable controversy. To the extent Philadelphia seeks a declaratory judgment for such potential claims, the motion to dismiss is granted.

## V. Timeliness of the Disclaimer

Philadelphia's third cause of action seeks a declaration that Indian Harbor's disclaimer was untimely and is premised upon N.Y. Insurance Law § 3420(d)(2). That statute provides that an insurer disclaiming liability and denying coverage for bodily injury must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." However, that section does not apply to claims between insurers. *Old Republic Gen'l Ins. Corp. v. Century Surety Company.*, 2018 WL 4356729, *7 (S.D.N.Y. Sept. 12, 2018) (citing cases). That Philadelphia sent the letter both on its own behalf and its insured does not change this result as its insured, i.e., Total Fitness is not a party to this action. *Id.*

The motion to dismiss the third cause of action is granted.

---

[4] The Court notes parenthetically that it is now more than three year since the closure order was issued.

## CONCLUSION

The motion to dismiss is granted as to the third cause of action regarding the timeliness of the disclaimer and to the request for a declaratory judgment as to actions yet to be filed. It is otherwise denied.

**SO ORDERED.**

Dated: Central Islip, New York           _s/ Denis R. Hurley_
       January 22, 2020                   Denis R. Hurley
                                                         United States District Judge